**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------X    Chapter 13

IN RE:  **Marie V. Savage**

Case No.:    **16-72402**
**THIRD AMENDED**
**Debtor(s)**    **CHAPTER 13 PLAN**

----------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of __60__ months, the sum of:
$__**760.75**__ commencing __**June 2016**__ through and including **October 2016** for a period of **5** months; then **$974.10** commencing **November 2016** through and including __**January 2019**__ for a period of __**27**__ months; then **$1536.10** commencing **February 2019** through and including **May 2021** for a period of **28** months;

2. From the payments so received, the trustee shall make disbursements as follows:
    (a)    Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.    Debtors' attorney Law office of John Gonzalez P.C. to receive $3,500.00 in the plan.
    (b)    Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:
        (1)    **Ditech Financial Llc**    (First **Mortgage**) (4899) secured by debtor's residence located at 49 Loring Street, Patchogue, NY 11772 to be paid outside the plan and to remain current. Pre-petition arrears in the sum of $__**43,066.59**__ plus __0__ % interest to be paid in the plan.
        (2)    **Credit Acceptance** (7892) secured by debtor's 2005 Chrysler Town and Country automobile to be paid outside the plan and to remain current. Arrears of **$10.67** to be paid in the plan.

### 3. JUNIOR MORTGAGE LIENS TO BE AVOIDED

1. **Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325 (a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _49 Loring Street, Patchogue, NY 11772__("Property") held by __Ditech Financial Llc_ [0771] [Claim No. _3_ filed on __June 29, 2016_in the amount of _87.303.00_]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by _DiTech Financial LLC, which was heard and determined by order dated _August 10, 2016_ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by __DiTech Financial LLC_ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _DiTech Financial LLC_ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) below.**

**Upon entry of the Chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.**

        (c)    Subsequent to distribution to secured creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **20% minimum percentage to be paid to unsecured creditors.**

4. All lease agreements are hereby assumed, unless specifically rejected as follows:
    Other Party                            Description of Contract or Lease
    **-NONE-**

5. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), less than one hundred percent (100%), the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8/10/16  6:21PM

Title to the debtor(s) property shall revest in the debtor(s) upon completion of the plan, <u>unless otherwise provided in the Order confirming this plan</u>. Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 trustee or the Court.

**/s/ Marie V. Savage**
**Marie V. Savage**
Debtor

Dated: **August 10, 2016**         **/s/ John Gonzalez**
                                   **John Gonzalez JG9420**
                                   Attorney for Debtor